UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHEN YILV TECHNOLOGY CO LTD, | CASE NO. 2:25-cv-02261-JHC |
| Plaintiff, | ORDER |
| v. | |
| HONG KONG XINGTAI INTERNATIONAL TRADE CO LIMITED, | |
| Defendant. | |

**I**

**INTRODUCTION**

This matter comes before the Court on Defendant Hong Kong Xingtai International Trade Co Limited's Motion to Dismiss for Lack of Subject-Matter Jurisdiction. Dkt. # 11. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. For the reasons below, the Court GRANTS the motion and DISMISSES this matter without prejudice.

ORDER - 1

## II

### BACKGROUND

Plaintiff, Shenzhen Yilv Technology Co., and Defendant are both Chinese companies. *See* Dkt. # 1 ¶¶ 3–4. Plaintiff sells products on Amazon.com and other E-commerce channels. Dkt. # 1 ¶ 9. Plaintiff seeks a declaratory judgment that its outdoor solar decorative light products (Accused Product) do not directly or indirectly infringe U.S. Patent No. 7,819,545 B2 (the '545 Patent, owned by Defendant), either literally or under the doctrine of equivalents, or that the '545 Patent is invalid.[1] *See id.* ¶¶ 1–2. Plaintiff proceeds under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. *Id.*

In October 2025, non-party Amazon notified Plaintiff that Defendant had reported Plaintiff's Accused Product as infringing the '545 Patent and that, unless Plaintiff either resolved the claim with Defendant within three weeks or entered Amazon's Patent Evaluation Express (APEX) process, a patent dispute resolution mechanism, Amazon intended to remove Plaintiff's listings and any materially identical variants. *Id.* ¶ 10. Plaintiff says that the "Amazon marketplace constitutes Plaintiff's primary sales channel in the United States," and to "remain competitive in the United States market for the Accused Product, Plaintiff must maintain their product listings on Amazon." *Id.* ¶ 14.

In January 2026, after Plaintiff filed the complaint, Defendant's counsel transmitted an email to Plaintiff's counsel purporting to tender a covenant not to sue. *See* Dkt. # 11 at 17 (Ex. A, email from N. Lee to R. Men). It states in pertinent part:

> Xingtai hereby irrevocably covenants not to assert or enforce U.S. Patent No. 7,819,545 against DJ Plaintiffs in 25-cv-2261; 25-cv-2262; 25-cv-

---

[1] This matter is one of five related declaratory judgment actions brought against Defendant concerning the same patent. The other actions bear the following cause numbers: 2:25-cv-02261-JHC, 2:25-cv-02262-JHC, 2:25-cv-02263-JHC, 2:25-cv-02264-JHC, and 2:25-cv-02265-JHC. On February 2, 2026, this Court consolidated the actions and designated this case as the lead. *See* Dkt. # 10.

> 2263; 25-cv-2264; and 25-cv-2265, or their respective affiliates or customers, under any theory, for any past, present, or future activities involving the accused products identified in each Complaint or any products that are the same as or not materially different, including through Amazon or any third-party platform. This covenant is unconditional, binding, and contains no reservation of rights.

*Id.* "DJ Plaintiffs" includes Plaintiff here. The email also states that "[a]s a result, there is no longer a live case or controversy under Article III, as Plaintiff lacks standing to pursue declaratory relief, and we request dismissal of this action with prejudice for lack of subject-matter jurisdiction, failing which Defendant will move under Rule 12(b)(1)." *Id.* Plaintiff acknowledged receipt of the covenant but responded that it would require the entry of a consent judgment. *Id.* at 16 (Ex. A, email from R. Men to N. Lee). Plaintiff's counsel stated that, given Defendant's purported "track record of disregarding prior informal agreements," a unilateral covenant would be "insufficient to fully protect [Plaintiff]'s interest or to reflect the finality of this resolution." *Id.*

Defendant replied with its belief that a consent judgment "is neither required nor appropriate once a valid covenant not to sue has extinguished Article III jurisdiction, adding that Plaintiff's "acknowledgment" of the covenant not to sue via email "confirms that Plaintiff no longer faces a substantial risk of patent enforcement" and that the case should be dismissed. *Id.* at 15–16 (Ex. A, email from N. Lee to R. Men). Defendant clarified that "the covenant not to sue tendered by [Defendant] was a formal, unconditional, and operative covenant, not a hypothetical or 'what-if' proposal." *Id.* Plaintiff insisted on its position[2] and rejected the overture. *Id.* Defendant filed the instant motion, contending that the covenant not to sue

---

[2] Because the Court grants Defendant's motion to dismiss, it does not reach the parties' arguments about the propriety of a consent judgment when there is no "case or controversy" before the Court.

ORDER - 3

extinguishing the Court's subject-matter jurisdiction over the complaint, meriting dismissal under Federal Rule of Civil Procedure 12(b)(1).

## III

### DISCUSSION

A.    Legal Standards

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may be brought as a "factual" or "facial" challenge. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). To defend against a factual attack on jurisdiction, the plaintiff must support their jurisdictional allegations with "competent proof." *Leite v. Crane*, 749 F.3d at 1117, 1121 (9th Cir. 2014). Because Defendant says that its no-suit covenant extinguishes the Court's subject matter jurisdiction, Defendant's challenge is factual, rather than facial. *See Shenzhen Yihong Tech. Co. v. dbest products Inc.*, 2025 WL 1529871, at *2 (W.D. Wash. May 29, 2025) (determining that the defendant asserted a factual challenge to subject matter jurisdiction by pointing to its no-suit covenant in similar factual circumstances).

The Declaratory Judgment Act provides, "In the case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party in seeking such declaration." 28 U.S.C. § 2201(a). "The 'actual controversy' requirement of the Declaratory Judgment Act is rooted in Article III of the Constitution, which provides for federal jurisdiction over only 'cases and controversies.'" *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1378 (Fed. Cir.

ORDER - 4

2007) (citing 28 U.S.C. § 2201(a)).[3]  When a plaintiff seeks a declaratory judgment of noninfringement or invalidity, the court must ask "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

B.    Analysis

The issue before the Court is whether Defendant's covenant not to sue vitiates Plaintiff's request for a declaratory judgment.  Defendant says that its covenant not to sue is unconditional, irrevocable, and fully operative, although it was transmitted via email.  *See* Dkt. # 11 at 5.  It says that such a covenant moots a declaratory judgment claim, and since there is no jurisdiction for the court, it cannot enter a consent judgment.  *See id.* 5–8.  Plaintiff responds with three arguments.  First, Plaintiff says that Defendant cannot overcome the formidable burden such covenants face to defeat a declaratory judgment complaint, mainly because the covenant was presented in an email sent by litigation counsel.  Dkt. # 13 at 9–10.  Second, Plaintiff says that the email covenant is particularly unsuitable given the APEX context, because Defendant "has [not] made it absolutely clear that materially similar enforcement—whether through Amazon or otherwise—cannot reasonably recur." *Id.* at 11.  Third, Plaintiff says that the purported covenant is incomplete in scope and unsupported by competent evidence establishing its "binding, comprehensive, and irrevocable legal effect" as other covenants sustained by courts.  *Id.* at 13.

---

[3] "Whether an actual case or controversy exists so that a district court may entertain an action for a declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2012) (citation omitted); *see also Valve Corp. v. Rothschild*, 2024 WL 4335682, at *3 (W.D. Wash. Sept. 26, 2024) (noting that Federal Circuit law applies to a dismissal motion contending that the defendant's no-suit covenant extinguished the court's subject-matter jurisdiction).

ORDER - 5

Since Defendant invokes the antisuit covenant to show mootness, it has the "'formidable burden' to establish that proposition." *Shenzhen Yihong Tech. Co.*, 2025 WL 1529871, at *4 (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)). Defendant can show mootness "if the court, considering the covenant's language and [P]laintiff's anticipated future activities, is satisfied that it is 'absolutely clear' that the allegedly unlawful activity [that would give rise to Defendant's patent assertion] cannot reasonably be expected to recur." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 94–95 (2013) (citing *Laidlaw*, 528 U.S. at 190). If the Court makes that conclusion, then the case is moot, and there is no actual case or controversy. *Id.*: *Cooper Notification, Inc. v. Twitter, Inc.*, 545 Fed. App'x 959, 966 (Fed. Cir. 2013) (requiring a "clear, unequivocal statement that the potential infringer will not be sued."). "[W]hether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009).

The Court first looks to the language of the covenant:

> Xingtai hereby irrevocably covenants not to assert or enforce U.S. Patent No. 7,819,545 against DJ Plaintiffs in 25-cv-2261; 25-cv-2262; 25-cv-2263; 25-cv-2264; and 25-cv-2265, or their respective affiliates or customers, under any theory, for any past, present, or future activities involving the accused products identified in each Complaint or any products that are the same as or not materially different, including through Amazon or any third-party platform. This covenant is unconditional, binding, and contains no reservation of rights.

*See* Dkt. # 11 at 17 (Ex. A, email from N. Lee to R. Men). The covenant appears to completely relinquish claims at issue. It binds Defendant against Plaintiff in the captioned case, all the other plaintiffs in the related cases, and "their respective affiliates or customers." Dkt. # 11 at 17. It covers "any theory" and "any past, present, or future activities involving the accused products in each Complaint, or any products that are the same as or not materially different." *Id.* And it expressly forswears any patent enforcement, including through Amazon "or any third-party

ORDER - 6

platform." *Id.* As the Supreme Court found with a similar covenant in *Already*, the "breadth of this covenant suffices to meet the burden imposed" on defendants seeking to make the requisite showing. *Already, LLC*, 568 U.S. at 93.

Plaintiff's arguments do not appear to have merit. First, Plaintiff mainly challenges the covenant's method of transmission and its form (that it was sent in the body of an email), not its content. Dkt. # 13 at 9–10. But Plaintiff cites no case to support this position.[4] And while Plaintiff suggests that Defendant's counsel lacks authority to bind Defendant to the antisuit covenant, any such concerns are addressed by the sworn declaration submitted by Defendant on reply expressly authorizing its counsel to do so. *See* Dkt. # 14-1 (Declaration of Zhaoxiang Liang).[5] This declaration appears to be the "sworn corporate testimony" Plaintiff says would suffice to bind Defendant. Dkt. # 13 at 14.

Second, Plaintiff contends that Defendant has not "made it absolutely clear that" enforcement "through Amazon or otherwise [] cannot reasonably recur." Dkt. # 13 at 11. The Court disagrees. The covenant makes it clear that Defendant cannot assert its patent at all, including through APEX or any other third-party platform. Dkt. # 11 at 17.

Third, to the extent that Plaintiff claims that an actual controversy still exists because the covenant does not protect it from future patentholders, Dkt. # 13 at 13, this argument fails because "[t]he residual possibility of a future infringement suit based on [] future acts is simply

---

[4] Plaintiff also says that Defendant's refusal to enter a stipulation is suspect, citing *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1032 (9th Cir. 2023). But there, the Ninth Circuit noted that the defendant "fail[ed] to provide a binding promise that it would not sue for infringement," unlike Defendant here. 65 F.4th 1012, 1030 (9th Cir. 2023). Likewise, the out-of-circuit case cited by Plaintiff. *Higher One, Inc. v. TouchNet Info. Sys., Inc.*, does not support Plaintiff's position because there, the covenant at issue was more limited than the one here. *See* 2014 WL 4798546, at *5 (D. Conn. Sept. 26, 2014).

[5] Because Defendant raises a factual attack to jurisdiction, the Court may consider evidence contained in sworn statements, like the declaration here, "to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d at 560.

ORDER - 7

too speculative." *Revolution Eyewear*, 556 F.3d at 1298 (citing *Benitec Australia*, 495 F.3d 1340, 1346 (Fed. Cir. 2007)).  And the covenant would appear to bind any assignees, successors, or transferees of the patent at issue.  An "owner or licensee of a patent cannot convey that which it does not possess." *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1382 (Fed. Cir. 2000).

In short, Defendant's tendered antisuit covenant makes it "absolutely clear" that the covenant embraces all scenarios in which Plaintiff could infringe Defendant's patents and be pursued by Defendant. *Already*, 568 U.S. at 94–95.  Thus, considering the "entirety of the circumstances," there is "not an actual controversy," since the antisuit covenant at issue forecloses the possibility that Defendant or any successors could assert the patent at issue.  *See Revolution Eyewear*, 556 F.3d at 1298 (citing *Benitec Australia*, 495 F.3d at 1346).  Accordingly, the Court determines that it lacks subject-matter jurisdiction over the complaint.

## IV

### CONCLUSION

For the reasons above, the Court GRANTS Defendant's motion to dismiss (Dkt. # 11) and DISMISSES this matter without prejudice.  If Defendant seeks to circumvent the covenant in bad faith, Plaintiff may ask that the Court reopen the case and may request sanctions if appropriate.

Dated this 31st day of March, 2026.

John H. Chun
United States District Judge

ORDER - 8